# In the United States Court of Federal Claims

|  |  |
|---|---|
| BRANDT DEVELOPMENT,<br><br>      *Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>      *Defendant*. | No. 25-284<br>(Filed: July 29, 2025) |

*Janeen Smith d/b/a Brandt Development,* pro se, Austin, Texas.

*Kelly Palamar*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

  Plaintiff Brandt Development protests the Air Force Research Laboratory's ("AFRL") award of a hypersonic aircraft technology contract ("Contract"). Am. Compl. at 1, ECF No. 14. Defendant moves to dismiss. Mot. to Dismiss (hereinafter "Def.'s Mot."), ECF No. 12. Because Plaintiff fails to state a claim related to the procurement process and the Court lacks jurisdiction over Plaintiff's other claims, Defendant's Motion to Dismiss is **GRANTED.**

**I. Background**

  Brandt Development is a sole proprietorship located in Austin, Texas that shares the same address as its owner and only employee Janeen D. Smith. *See* Am. Compl. at 19.[1] It submitted a bid for Broad Agency Announcement number FA8650-17-S-2002 Call 003, Enabling Technologies for High-Speed Operable Systems (ETHOS) Call 003, Expendable Hypersonic Multi-mission ISR and Strike (Mayhem) ("Mayhem BAA" or "the Solicitation"). Am. Compl. at 1, 7; Def.'s Mot. App. 1 (Declaration of Contracting Officer Joseph Cook) (hereinafter "Cook Decl."). The Air Force Research Laboratory ("AFRL" or "the Agency") issued the Mayhem BAA on March 1, 2022, seeking bids to develop "a larger class air-breathing hypersonic system capable of executing multiple missions with a standardized payload interface." Cook Decl. The estimated program cost was $334,000,000. *See* Air Force Research Laboratory, *Enabling Technologies for High-Speed Operable Systems (ETHOS) Call 003, Amendment 02*: *Expendable*

---

[1] *See also* Smith, Janeen D., SAM.gov, https://sam.gov/entities/view/J3BMWLVJEDE8/coreData?status=Inactive&emrKeyValue=4437852~159836877331204.

*Hypersonic Multi-Mission ISR and Strike (Mayhem)* at 3, (Apr. 20, 2022).  Offers were due by May 24, 2022.  *Id.* at 1.

Plaintiff submitted a bid, although the Complaint does not include its date.  *See* Am. Compl. at 7; Cook Decl.  In the year bids were due, Plaintiff was registered on the United States' online System for Award Management, SAM.gov, as Janeen D. Smith "doing business as" Brandt Development.  Smith, Janeen D., SAM.gov, *supra*.  However, the registration became inactive on March 10, 2022, nine days after the AFRL announced the Solicitation, over two months before all offers were due, and nine months before the award.  *Id.*  On May 18, 2025, over three years after the December 2022 award and three months after it filed the instant Complaint, Brandt Development reactivated its registration.  *Id*; *see generally* Compl.

AFRL received six proposals and categorized each as "Highly Recommended, Selectable, or Not Selectable."  Cook Decl.  The Agency classified Brandt Development's bid as "Not Selectable," which meant "[e]ven if sufficient funding existed, the proposal should not be funded."  Def.'s Mot. App. 2 (Notification Letter).  AFRL notified Plaintiff of its decision on August 10, 2022, adding that "[if] a debriefing is requested in accordance with the time guidelines set out in FAR 15.505 and 15.506, a debriefing will be provided."  *Id.*  Plaintiff did not request a debriefing.  Cook Decl.

On December 16, 2022, AFRL awarded the Contract to Leidos Holdings, Inc. ("Leidos") for $334,000,000.  *Id.*; Am. Compl. at 7.  Leidos is a Fortune 500 technology and engineering company with 44,000 employees and $13.7 billion in revenue for the fiscal year ending December 31, 2021.[2]

Nearly two years later, on October 5, 2024, Plaintiff sent a "contract dispute letter" to the Air Force.  Am. Compl. at 8.  The Contracting Officer and an "Independent Reviewer" dismissed the protest as untimely because Federal Acquisition Regulation ("FAR") 33.103(e) requires protests alleging improprieties in a solicitation to be filed before the due date for proposals.  *Id.* at 7.  All other protests must be filed "no later than 10 days after the basis of protest is known or should have been known, whichever is earlier."  FAR 33.103(e); *see id*.

Brandt Development bid $208,540,464—well below the Agency's estimated cost for the award.  Am. Compl. at 7.  Plaintiff alleges the AFRL rejected its "low bid for an improper technicality that has no legal basis to warrant rejection."  *Id*. at 7, 18.  But it does not identify the "improper technicality."  *See id*.  Plaintiff claims the Agency awarded the bid to Leidos "at an artificially high price and illegally ignored the low bid from Brandt Development."  *Id.* at 14.  Furthermore, the Agency purportedly treated Brandt Development "unethically" as a Woman-Owned Small Business by unlawfully withholding information from Brandt Development that it provided to other bidders.  *Id.* at 14–15 (citing FAR 19.202-1, 19.202-2, & 19.204-4).  But Plaintiff does not state what information was withheld.  *See id.*  Brandt Development additionally

---

[2] Leidos, *Leidos awarded $334M air-breathing hypersonic system contract* (Dec. 16, 2022), https://www.leidos.com/insights/leidos-awarded-334m-air-breathing-hypersonic-system-contract (announcing Contract award on the Leidos website).

alleges the Agency violated the Contract Disputes Act ("CDA"), although it does not say how. *Id.* at 14 (citing FAR 33.209).

According to Plaintiff, Leidos committed "fraud against the government" by bidding with "cartoonish AI generated renderings and no real work product as required by the contract." *Id.* at 8, 18. Plaintiff maintains that after the award, Leidos "failed to meet the contract deadlines and terms," and it was not "audited or vetted over the past two years." *Id.* at 18. Plaintiff asserts this is "a clear case of money laundering." *Id.*

Brandt Development claims its October 5, 2024 award protest was not untimely because the limitations period was tolled. *Id.* at 7–11. Plaintiff argues the limitations period "does not begin until . . . discovery of a contract violation by a Contractor." *Id.* at 8. According to Brandt Development, it could not discover the violations because the Government was falsely assuring offerors that "the Leidos bid and Leidos team have been compliant with federal statutes and FAR regulations." *Id.* at 9. Therefore, "federal mandated Discovery Rules" extended the deadline to protest. *Id.* at 7–8, 9 (citing the Procurement Integrity Act, 41 U.S.C. § 2106). Alternatively, Brandt Development claims the protest was timely under common law rules of "Fraud-Based Discovery" and "equitable tolling." *Id.* at 8–11. Plaintiff also argues the FAR "allows for reviews of protests allegedly not timely filed." *Id.* at 13 (citing FAR 33.103 (b), (c), & (d)(4)).

Plaintiff also alleges the dismissal of its protest was improper for other reasons. First, the Agency prematurely dismissed the protest after Plaintiff "simply asked" for the "process information to begin the Independent Review," but before Plaintiff provided "any documents for the Independent Reviewer to evaluate." *Id.* at 11. Nonetheless, Plaintiff claims it "formally requested this independent review from the AFLR [sic] Contracting Officer." *Id.* at 12. Next, Plaintiff claims the Independent Reviewer was "a part of the AFRL supervisory chain" and therefore barred from conducting the review. *Id.* at 13. And the Contracting Officer's dismissal was not "well-reasoned" because he is "inexperienced in FAR regulations and federal court rulings on the Discover Rule and Tolling statutes." *Id.* Finally, Brandt Development cursorily alleges violations of FAR sections 33.103(b), (c), (d)(4), (g) and (h). *Id.* at 12–13.

## II.   Procedural Posture

Plaintiff filed its Complaint on February 14, 2025. Compl. On April 1, 2025, Defendant moved to dismiss on several bases. Def.'s Mot. at 1. First, Defendant argues pro se plaintiffs cannot represent sole proprietorships under the Court's rules because pro se plaintiffs cannot represent "entities." *Id.* at 5–8. Second, Plaintiff's protest is moot because "no other task orders are expected to be awarded" on the Contract. *Id.* at 8. Third, Defendant maintains the Court lacks subject-matter jurisdiction because the Complaint concerns Leidos' supposed contractual violations "and not any action undertaken by the Government." *Id.* at 8–10. Finally, the Government claims Plaintiff was not prejudiced by any alleged errors in the Contract award and thus is not an "interested party" under the Tucker Act. *Id.* at 10–12.

Plaintiff filed its Response on May 19, 2025. Pl.'s Resp., ECF No. 18. Despite bidding as Brandt Development, Plaintiff asserts it is "not litigating this bid protest as a 'Sole Proprietorship'" but rather as the individual Janeen D. Smith. Pl.'s Resp. at 2. Plaintiff disputes

the Government's assertion that no further task orders will be issued, citing to a February 2024 interview in which an AFRL spokesman said it "may seek to add additional task orders to the Leidos contract in the future." *Id.* at 7–8 (quoting Howard Altman & Joseph Trevithick, *Future of Mayhem Hypersonic Strike-Recon Aircraft Program Murky*, The War Zone (Feb. 16, 2024)). Plaintiff also contends "Defendant's violations of FAR regulations on procurement caused Plaintiff to lose the opportunity to fully and successfully compete for a contract." *Id.* at 11. Plaintiff repeats its assertion that the AFRL rejected its bid for an undefined "improper technicality." *Id.* at 15. Defendant filed its Reply on May 30, 2025. Def.'s Reply, ECF No. 23.

Plaintiff filed an Interlocutory Appeal on the same day, seeking appellate review of the Court's verbal and written scheduling orders during and following the Joint Preliminary Scheduling Conference held on March 11, 2025. ECF No. 24. Since Plaintiff is not seeking review of a final decision of this Court, it is attempting to challenge non-appealable orders and the appeal is defective. *See Monbo v. United States*, No. 2025-1495, 2025 WL 1430672, at *1 (Fed. Cir. May 19, 2025). When a notice of appeal is defective, "the [trial] court necessarily retains jurisdiction." *Gilda Industries, Inc. v. United States*, 511 F.3d 1348, 1352 (Fed. Cir. 2008). Thus, the Motion to Dismiss is ripe for review.

## III.     Standard of Review

A party may move the Court to dismiss for lack of subject-matter jurisdiction. Rules of the Court of Federal Claims (hereinafter "RCFC") 12(b)(1). The Tucker Act grants the Court jurisdiction to hear actions "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). A plaintiff establishes jurisdiction through its complaint, which "must state the necessary elements of the plaintiff's claim." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citation omitted). The Court has no duty "to create a claim which [the plaintiff] has not spelled out in [the] pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (citation omitted).

When determining jurisdiction, the Court accepts as true a complaint's well-pled factual allegations and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citation omitted). However, if a motion to dismiss "challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute.*" Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney," the plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Diaz v. United States*, 127 Fed. Cl. 664, 669 (2016), *aff'd*, 853 F.3d 1355 (Fed. Cir. 2017) (quoting *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010)).

The Court may also dismiss a complaint for failure to state a claim. RCFC 12(b)(6). To state a claim under section 1491(b)(1) of the Tucker Act, a plaintiff must demonstrate "statutory standing." *Acuity-CHS Middle E. LLC v. United States*, 173 Fed. Cl. 788, 796 (citing *CACI, Inc.-Fed. V. United States*, 67 F.4th 1145, 1151 (Fed. Cir. 2023)). To establish statutory

4

standing, a plaintiff must make two showings. First, it must be an "interested party." *REV, LLC v. United States*, 91 F.4th 1156, 1163 (Fed. Cir. 2024) (citation omitted). An "interested party" is an "actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract." *Id.* (citation omitted). And to prove direct economic interest, a plaintiff "must show that it had a substantial chance of winning the contract." *Id.* (quotation omitted). Second, "the plaintiff must show that it was prejudiced by a significant error in the procurement process." *Id.* (quotation omitted). A plaintiff is prejudiced if "there was a 'substantial chance' it would have received the contract award but for the alleged error in the procurement process." *Id.* (quoting *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003)). A "substantial chance" is anything "greater than an insubstantial chance." *See id.* (quotation omitted).

As with jurisdictional disputes, when a court considers a motion to dismiss for failure to state a claim, it accepts the truth of all well-pled factual allegations and draws all reasonable inferences in favor of the plaintiff. *Wistfeldt v. United States*, 122 Fed. Cl. 158, 161 (2015); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation" nor "allegations that 'contradict matters properly subject to judicial notice or by exhibit.'" *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (first quoting *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009); and then quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). When a disparity exists between the bare allegations of the pleading and an attached exhibit, the exhibit controls. *Rocky Mountain Helium, LLC v. United States*, 841 F.3d 1320, 1325 (citation omitted). A court may also look to matters of public record. *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (citation omitted).

### IV. Discussion

#### A. Plaintiff Fails to State a Claim Alleging an Injury in the Procurement Process.

Brandt Development's allegations relating to the procurement process fail to state a claim upon which relief can be granted for three reasons. First, Brandt Development lacks statutory jurisdiction to bring this bid protest because it was not prejudiced by any alleged errors in the award decision. The AFRL classified Plaintiff's bid as "Not Selectable," a decision made independently of the award to Leidos. Def.'s Mot. at 11; Def.'s Mot. App. 2. Outside its allegation of an undefined "improper technicality," Plaintiff does not contest this classification. *See generally* Am. Compl.; Pl.'s Resp. A "Not Selectable" classification means that "[e]ven if sufficient funding existed, the proposal should not be funded." Def.'s Mot. App 2. Brandt Development cannot show it was prejudiced because it cannot show it had "greater than an insubstantial chance of securing the contract." *REV, LLC*, 91 F.4th at 1163. Once Plaintiff's bid was classified as Not Selectable, it could not win the Contract. Any alleged wrongdoing by the Agency in later awarding the Contract to Leidos had no effect on Plaintiff's bid.

Second, Plaintiff waived its opportunity to object to its classification because it failed to submit a timely protest to the Agency. While Plaintiff was notified of its "Not Selectable"

5

classification four months before the award to Leidos, it did not submit a protest until October 5, 2024, nearly two years after the award. Cook Decl.; Am. Compl. at 8. The Agency dismissed the protest under FAR 33.103(e), which requires protests to be filed "no later than 10 days after the basis of protest is known or should have been known, whichever is earlier." *Id.* at 7. Brandt Development alleges the protest limitation period was extended by "fraud" relating to the Leidos award, including the Government's assurances that "the Leidos bid and Leidos team have been compliant with federal statutes and FAR regulations." *Id.* at 7–11.

But Plaintiff does not explain why it could not promptly protest its own classification as "Not Selectable." A protestor with the opportunity to bring a pre-award protest may not "wait and see whether it would receive an award" before bringing a claim at this Court, and it would be "incongruous" to allow such a claim when it is barred by regulation. *COMINT Sys. Corp. v. United States*, 700 F.3d 1377, 1383 (Fed. Cir. 2012). By failing to timely object to its pre-award classification, Brandt Development waived its right to bring the same objection here. *See id.* at 1382 (citing *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1314 (Fed. Cir. 2007)).

Third, Plaintiff alleges only "threadbare" legal conclusions about the procurement process. *See Ashcroft*, 556 U.S. at 663–664. The AFRL purportedly rejected Plaintiff's "low bid for an improper technicality that has no legal basis." Am. Compl. at 7, 18. But Brandt Development offers no description of the "improper technicality." *See id.* Nor are there any facts explaining what information the AFRL allegedly "withheld" from Plaintiff or how it was "treated unethically" as a Woman-Owned Small Business. *See id.* at 14–15.

Similarly, Brandt Development does not provide any facts to support its conclusion that the Agency "improperly" awarded the Contract to Leidos at an "excessive and unjustified cost." *Id.* at 18. Allegedly, Leidos used "AI generated photos (possibly ChatGPT software generated)" to design "a missile that they have no idea how to construct." *Id.* Even accepting this as true, the Court is left to guess what legal violations the Agency—not Leidos—committed when it awarded the Contract. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (citation omitted). Plaintiff does not say how Defendant behaved "improperly" or illegally during the procurement process. *See* Am. Compl. at 18. Nor does it allege any facts to justify its assertion that the $334 million award, which matched the Solicitation's cost estimate, was excessive. *See id.* Because Brandt Development lacks statutory standing and provides no well-pled allegations regarding Agency misconduct, it fails to state a claim related to the procurement process.

### B.     The Court Lacks Jurisdiction over Plaintiff's Claims Unrelated to the Procurement of the Contract.

Plaintiff's other allegations are unrelated to the AFRL's conduct during the procurement process. Rather, the Complaint largely asserts that Leidos committed "fraud" by providing the Agency with "AI generated photos" and failing to "meet the contract deadlines and terms" after contract performance began. Am. Compl. at 18. These claims fall outside the Court's procurement jurisdiction because they do not relate to the Solicitation, the award decision, or concern "any alleged violation of statute or regulation in connection with a procurement." 28 U.S.C. § 1491(b)(1). "A legal violation occurs in connection with a procurement or proposed procurement if an *agency's* actions under a statute 'clearly affect the award and performance of a

contract.'" *Geiler/Schrudde & Zimmerman v. United States*, 743 F. App'x 974, 976 (Fed. Cir. 2018) (quotation omitted) (emphasis added).  Allegations of fraud by Leidos against the Government do not establish any wrongdoing by the AFRL.  The Court thus lacks jurisdiction over these claims.

Brandt Development's allegations relating to the Contract's administration after procurement closed similarly fail.  *See, e.g.*, Am. Compl. at 18 (alleging the Government failed to audit Leidos after awarding the Contract).  Disputes about contract performance after the close of procurement relate to contract administration, not procurement.  *See Chapman Law Firm v. United States*, 63 Fed. Cl. 519, 529 (2005) (finding a contractor's failure to meet bonding requirements after close of procurement was an issue of contract administration, not a defect in the procurement process).  Claims regarding contract administration cannot be brought under section 1491(b)(1) of the Tucker Act; rather, the CDA "is the 'exclusive mechanism' for the resolution of disputes arising . . . in contract management." *Gov. Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522, 527 (2009) (citing *Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir. 1995)).  Only parties in privity of contract with the Government have standing to sue under the CDA.  41 U.S.C. § 7101(7); *Irwin County v. United States*, 170 Fed. Cl. 355, 362 (2024) (citing *Erickson Air Crane Co. of Wash. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984)).  Brandt Development did not win the Contract award, and it does not allege privity of contract with the United States.  *See* Am. Compl. at 14.  Therefore, Plaintiff cannot challenge the administration of the Contract.

V.      Conclusion

Because Plaintiff has failed to establish statutory standing or state a claim over which the Court has jurisdiction, the Court's inquiry ends, and it does not reach Defendant's arguments regarding Plaintiff's ability to proceed pro se or the mootness of the claims based on the Contract's status.  Defendant's Motion to Dismiss is **GRANTED** without prejudice.  ECF No. 12.  The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge